UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **MILTON AL STEWART, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,**<br><br>    Plaintiff,<br><br>V.<br><br>**FEDERAL ARMAMENT, LLC and NEIL MEHTA, Individually,**<br><br>    Defendants. | Civil Action No.: 2:21-cv-02045-PKH |

## COMPLAINT

Plaintiff, Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and to restrain Defendants from withholding payment of overtime compensation due Defendants' employees named in Exhibit A, and an equal amount as liquidated damages. In support, Plaintiff states as follows:

## THE PARTIES

1.  Plaintiff, Milton Al Stewart is the Acting Secretary of Labor, United States Department of Labor brings this action to enjoin the Defendants, Federal Armament, LLC, and Neil Mehta, individually, from violating the provisions of Sections 7, 11(c), 15(c)(2), and 15(a)(5) of the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. §§ 201, et seq., and to restrain defendants from withholding payment of overtime compensation found by

the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

2. Defendant Federal Armament, LLC is, and at all times hereinafter mentioned was, an Arkansas Corporation with a place of business and doing business in Sebastian County, 5730 North 6th Street, Fort Smith, Arkansas 72904, within the jurisdiction of this Court.

3. Defendant, Neil Mehta, has a place of business and does business in Sebastian County, 5730 North 6th Street, Fort Smith, Arkansas 72904, within the jurisdiction of this Court. Neil Mehta is, and at all times hereinafter mentioned was, Chief Financial Officer for Defendant Federal Armament, LLC, and he actively manages, supervises and directs the business affairs and operations of Defendant Federal Armament, LLC. Neil Mehta represented Defendant Federal Armament LLC during the initial Wage Hour investigation, and he has acted, directly and indirectly, in the interest of Defendant Federal Armament, LLC, in relation to its employees. Specifically, Neil Mehta makes the hiring, firing, and employee pay decisions for Federal Armament, LCC at the facility. Neil Mehta is an employer of these employees as defined in section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217, and by 28 U.S.C. §§ 1331 and1345.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 insofar as the subject events or omissions occurred, and Defendants operate their business, in this judicial district.

## FLSA STATUTORY COVERAGE

6. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. Specifically, Defendant Federal Armament, LLC is a company engaged in selling ammunition, gun magazines, pistols, shotguns, rifles, body armor, and other defense equipment via direct sales to customers, dealers and distributors.

7. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that they have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Based upon information and belief, Federal Armament, LLC had gross sales in excess of $500,000 for the years 2017 through 2019. Further, two or more employees handled firearms, ammunition casings, and primers that have been moved or produced for commerce.

## FACTUAL ALLEGATIONS RELATING TO FLSA VIOLATIONS

8. During the period of March 25, 2016 through at least March 25, 2019, Defendants willfully violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for more than forty hours in a workweek without compensating such employees for their employment in excess of forty hours per week at rates not

3

less than one and one-half times the regular rates at which they were employed.  Specifically, Defendants violated the FLSA's overtime provisions by paying straight time for all hours worked to certain employees, and also by deducting 30 minutes a day for two 15-minute breaks from the employees' time cards.

9.     During the period of March 25, 2016 through at least March 25, 2019, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516.  Specifically, Defendants' records failed to record premium pay for overtime hours when overtime hours were worked, and instead designated the overtime pay due as a bonus, which was paid as straight time.  In addition, Federal Armament also failed to properly record all hours worked by their employees when they improperly deducted compensable time taken for rest breaks from the employees' time cards.

10.    Defendants' violations of the FLSA were willful in that they knew or should have known that certain employees were not being paid proper overtime compensation for hours worked over 40 in a workweek. Specifically, Defendants had certain employees sign an agreement that stated that these employees were to be paid their hourly rate for "however many hours are worked with a required weekly total of 50 hours."  The agreement also contained a provision, which stated that if the Department of Labor took issue with this method of payment, the employee's payroll records would be edited to reflect that no overtime was worked.  These actions demonstrate that the Defendants willfully violated the Act.

## **PRAYER FOR RELIEF**

As a result of the violations alleged in paragraphs 1 to 10 above, Defendants owe unpaid overtime compensation to Defendants' present and former employees, including but not limited to those persons specifically named in Exhibit A, and for the periods of time referenced therein.

Inasmuch as the violations may be continuing, additional amounts for unpaid overtime compensation may be accruing for these employees, and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff from March 25, 2016, to the present.

Defendants have willfully violated the FLSA. An order enjoining the alleged violations and restraining the withholding of unpaid overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid minimum wages and overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For an order pursuant to Section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA;

B. For an order pursuant to Section 16(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid overtime compensation due Defendants' employees for the period from March 25, 2016, to March 25, 2019; and such additional amounts as may be found by this Court for the period from March 25, 2019 until the date of judgment; and for an equal

5

amount as liquidated damages;

   C.  In the event liquidated damages are not awarded, an order pursuant to Section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation due to Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

   D.  For an order awarding Plaintiff the costs of this action; and

   E.  For an order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

ELENA S. GOLDSTEIN
Deputy Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

By:

*/s/ Carlton Jackson*
CARLTON C. JACKSON
Senior Trial Attorney
Texas Bar No. 24032465

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas  75202
Telephone (972) 850-3100
Facsimile (972) 850-3101
E-mail:  jackson.carlton@dol.gov

ATTORNEYS FOR PLAINTIFF

RSOL Case No. 0640-20-00067