UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES DEPARTMENT OF LABOR                                                PLAINTIFF

v.                                        No. 2:21-CV-2045

FEDERAL ARMAMENT, LLC and
NEIL MEHTA                                                                       DEFENDANTS

**OPINION AND ORDER**

Before the Court are Plaintiff Department of Labor's ("DOL") motion to compel documents and responses to requests for production (Doc. 19), Defendants Federal Armament, LLC's, and Neil Mehta's response in opposition (Doc. 21), and DOL's reply in support of its motion (Doc. 24). For the reasons given below, the DOL's motion to compel is GRANTED.

I.  Background

Federal Armament is a corporation headquartered in Fort Smith, Arkansas that sells firearms, ammunition, body armor, and other related equipment to customers as well as to other dealers and distributors. Mr. Mehta is Federal Armament's chief financial officer. The DOL brought this lawsuit against Federal Armament and Mehta on February 26, 2021, alleging that the Defendants willfully violated the Fair Labor Standards Act ("FLSA") by failing to pay their employees time-and-a-half for time worked over 40 hours per week and by failing to properly record their employees' overtime hours.

On March 16, 2022, counsel for the DOL emailed the Court to request a telephone conference regarding a discovery dispute that had arisen between the parties. The details of this dispute will be provided in Section III below, but for now it will suffice to say that counsel for the DOL requested certain employee timekeeping records from the Defendants, was told they would be made available for in-person inspection, traveled from Dallas to Fort Smith in order to inspect

1

these materials, but was presented there with time cards that did not contain certain requested categories of information and a time clock from which records had not been extracted. The Defendants claimed not to know how to extract the requested records from the time clock in the requested format, which resulted in counsel for the DOL traveling back to Dallas without viewing the records he had previously been told would be made available to him for on-site inspection.

The Court conducted an off-the-record phone conference regarding these matters on March 24, 2022. At the conclusion of this conference, the Court advised the parties it was of the view that the DOL was entitled to the materials at issue and that the Defendants should produce them. The DOL filed the instant motion to compel on June 1, 2022, claiming that the Defendants still have not produced the requested materials. That motion has been fully briefed and is now ripe for decision.

**II.     Legal Standard**

Under the Federal Rules, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Importantly, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Federal district courts are vested with very wide discretion in determining the scope of discovery. *See, e.g.*, *Gov't of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 344 (8th Cir. 2012) (observing that "appellate review of a district court's discovery rulings is both narrow and deferential," and that a district court's discovery ruling will not be reversed "absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case" (internal alterations and quotation marks omitted)).

### III. Discussion

The DOL issued several discovery requests to the Defendants that are pertinent to the instant dispute. Most notably, the DOL requested production of:

- All documents showing the hours worked by each employee of Federal Armament during each workweek from March 2016 to the present;[1]

- All documents showing the amounts paid to each employee of Federal Armament during each workweek from March 2016 to the present;[2]

- Complete personnel files for all employees relating to employment and/or work performed on behalf of Federal Armament from March 2016 through the present;[3]

- All payroll ledgers, timecards, time records, and calculations of payroll and compensation for all employees that worked at any time for Federal Armament from March 2016 to the present;[4] and

- All agreements relating to an employee's agreement to be paid at a base rate for however many hours worked.[5]

For the most part, it appears the Defendants do not contend these materials are irrelevant to the claims or defenses in this case. The one caveat to this statement is that the Defendants argue the DOL is not entitled to discovery of any materials falling outside the time period from March 25, 2016 through March 25, 2019, because the DOL's claims in its pleadings are limited in scope to that 3-year period. *See* Doc. 21, ¶ 1. The problem with this argument is that it is flatly

---

[1] DOL Requests for Production ("RFP") Nos. 7 and 20. (Doc. 19-10, p. 13; Doc. 19-11, p. 2).
[2] DOL RFP No. 8. (Doc. 19-10, p. 13).
[3] DOL RFP No. 15 (Doc. 19-10, p. 16).
[4] DOL RFP No. 19 (Doc. 19-11, p. 2).
[5] DOL RFP No. 24 (Doc. 19-11, p. 3).

contravened by the language of the DOL's complaint, which expressly alleges that the Defendants' violations "may be continuing" and accordingly seeks damages "in amounts presently unknown to Plaintiff from March 25, 2016, *to the present*." *See* Doc. 2, p. 5 (emphasis added).  Likewise, the "factual allegations" section of the DOL's complaint opens with the assertion that the Defendants willfully violated the FLSA "[d]uring the period of March 25, 2016 through *at least* March 25, 2019," indicating that the DOL intended *not* to limit the temporal scope of its claims to the aforementioned 3-year period.  *See id.* at ¶ 8.  The Court therefore finds that the requested materials postdating March 25, 2019 *are* relevant to the claims and defenses in this case.  The Defendants' objection based on temporal scope is overruled.

The Defendants have also made three objections implicating pragmatic or logistical concerns rather than the intrinsic relevance of the requested materials.  One is that some of these documents may contain employees' confidential information.  The DOL has offered to remedy this concern by signing a confidentiality agreement, and the Defendants indicated in their response to the DOL's motion that they are amenable to this proposal.[6]  Protecting employees' confidentiality is of course a legitimate concern, but the Court sees no reason why a confidentiality agreement adequately addressing this concern cannot immediately be reached by counsel in this case, all of whom are doubtlessly well experienced in negotiating such agreements which are quite routine in litigation.  The parties are ordered to immediately negotiate and execute a confidentiality agreement if they have not already done so, and Defendants' objection based on confidentiality is overruled.

---

[6] To be precise, the Defendants stated that the matter of a confidentiality agreement "should be resolved quickly between counsel by agreement."  *See* Doc. 21, ¶ 13.  The Court agrees.

Another pragmatic concern initially raised by the Defendants was that some of the requested materials were already used as exhibits to depositions in this case, and that it would be duplicative or wasteful for them to be produced a second time as a formal response to requests for production. However, the DOL explained in its motion that it prefers the Defendants produce them in response to formal discovery requests "to avoid any possible evidentiary objections at trial, and to ensure that all responsive documents are produced during discovery." *See* Doc. 19, p. 12. The Defendants, in their response to the DOL's motion, stated that they "will do so." *See* Doc. 21, p. 7. The Court considers this to be a withdrawal of the Defendants' objection on this particular point, and they are hereby ordered not to withhold otherwise discoverable materials on the basis that such materials were previously used as exhibits to depositions.

The Defendants' third and final logistical objection to the DOL's discovery requests is that responding to them would be unduly burdensome, in that the Defendants cannot produce "individual time card records for each employee which show the employee's hours worked each week" without incurring "substantial time and effort." *See* Doc. 19-8, p. 1. To put it bluntly, the Court simply does not believe the Defendants on this point. But regardless, the Court finds that the Defendants have waived any objection regarding undue burden, and their objection on this ground is therefore overruled. The Court will explain why below.

First, and most fundamentally, there is the language of the relevant discovery requests themselves, and the Defendants' formal responses thereto. The DOL's RFP No. 19 stated:

> Provide all payroll ledgers, all time cards (including the gloss carton-stock time cards and the RFID timecards), *all employee time records*, and *all calculations of payroll and compensation for all employees* that worked at any time for Federal Armament, from March 2016, to the present. Please note that this request and the requests made in Request for Production No. 20 through Request for Production 22 are not for the Wage Transcription provided during the investigation. These requests are for the actual documents used to calculate the employees' hours worked and the amount paid to the employees.

(Doc. 19-11, p. 2) (emphasis added). The DOL's RFP No. 20 stated:

> Produce all documents that reflect the hours worked by each and every employee of Federal Armament *during each workweek* during the period from March 2016, to the present.

*Id.* (emphasis added). In these requests, the DOL clearly requested production of "all employee time records," "all calculations of payroll and compensation for all employees," and all documents showing the hours worked by each employee "during each workweek." Such materials, as already noted above, are obviously relevant and discoverable. The Defendants' formal responses to RFP Nos. 19 and 20 were identical:

> Pursuant to FRCP Rule 34, inspection will be permitted at the office of Federal Armament, 5730 N. 6th, Fort Smith, Arkansas upon reasonable request and agreement as to the time and date of the inspection.

*Id.* Notably, this response contained no objections to these requests—neither that they were unduly burdensome nor any other grounds.

Much of the parties' subsequent dispute has revolved around whether the Defendants' time clock contains, or is capable of producing, weekly totals for each employee's hours worked. The Court is not in a position to find one way or another as to that particular question, but it makes no difference. As the DOL correctly notes in its reply, for each covered employee, the Defendants are required by federal law to "maintain and preserve payroll or other records containing . . . [h]ours worked each workday and total hours worked each workweek." *See* 29 C.F.R. § 516.2(a)(7). Either the Defendants have complied with this obligation or they have not. If they have, then they should be capable of producing their records containing each employee's hours worked each workday and total hours worked each workweek without undue difficulty. On the other hand, if they have not complied with this obligation, then the Defendants will not be required to produce or reconstruct records that do not exist. But in either event, the Defendants will be

6

ordered to immediately produce these records to whatever extent they are already in their possession, and then to immediately and formally verify that they have produced all such records within their possession.

The DOL's discovery requests on this topic are not limited by the medium in which these records are stored, whether on a time clock or in any other location. The records should simply be produced in the format that they are stored. If they are on the time clock, *or if the time clock is capable of generating reports containing the requested information*, then the records should be exported and produced in that format; if they are in hard copy stored in bankers' boxes, then they should be copied or scanned and produced in that format; if they are in excel spreadsheets stored on hard drives, then they should be produced as excel files; *et cetera*. And if no such records exist, then the Defendants must say so.

The Court is not sympathetic to the Defendants' claims that making this production would be unduly burdensome. For one thing, as noted above, they did not raise this objection in their formal responses to the DOL's requests for these materials.

For another, they have not provided any evidence to the Court of how much time or expense would be required to produce these materials. "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018). The Defendants have not done this. Instead, they have simply provided affidavits claiming that counsel for the DOL, during his visit to Fort Smith, declined to reconstruct records of employees' weekly work hour totals himself from time cards (rather than reviewing records of such totals that the Defendants were required by law to have maintained), and also claiming that the Defendants' time clock is not capable of producing certain categories of information (such as total hours worked per

week, or information for employees who worked for the Defendants while the time clock was not in use). *See* Docs. 21-1, 21-2, 23. Fine; then the Defendants must produce these records from whatever medium they *are* stored in. And, again, if the records do not exist, then the Defendants must simply say so. Ultimately, if the Defendants' production reflects that they have failed to comply with their record-keeping obligations under 29 C.F.R. § 516.2(a), then that may be an issue appropriate for resolution on summary judgment, or it may warrant an adverse instruction at trial. But the Court will not prejudge such matters at this time.

One final point requires mentioning. The DOL argues in its motion that there are employees of the Defendants during the relevant period for which the Defendants have not provided records. The Defendants' response does not address (much less deny or refute) this contention. The DOL's discovery requests, as described above, plainly request that records be produced for "all employees" and "each and every employee." *See* Doc. 19-11, p. 2. The Defendants are ordered to do so.

### IV.  Conclusion

IT IS THEREFORE ORDERED that Plaintiff Department of Labor's motion to compel documents and responses to requests for production (Doc. 19) is GRANTED. Defendants Federal Armament, LLC and Neil Mehta are hereby ORDERED to produce the materials discussed herein **on or before July 8, 2022**. If they fail to do so, then the DOL may seek further relief from this Court, potentially up to and including striking the Defendants' pleadings or rendering a default judgment against the Defendants. *See* Fed. R. Civ. P. 37(b)(2)(A).

IT IS SO ORDERED on this 28th day of June, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE