UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES DEPARTMENT OF LABOR                                    PLAINTIFF

v.                              No. 2:21-CV-02045

FEDERAL ARMAMENT, LLC and
NEIL MEHTA                                                          DEFENDANTS

**OPINION AND ORDER**

On June 28, 2022, this Court entered an opinion and order (Doc. 25) granting Plaintiff Department of Labor's ("DOL") motion to compel documents and responses to requests for production (Doc. 19). Among other things, that order directed Defendants Federal Armament, LLC and Neil Mehta to produce to the DOL all documents showing the hours worked by each employee of Federal Armament during each workweek from March 2016 to the present. On July 18, 2022, counsel for the DOL emailed the Court and requested a conference call to discuss the Defendants' compliance with this order. Two days later, the Defendants filed a statement of compliance (Doc. 27) on the docket, and on July 21, 2022 the Court conducted the requested conference call, off the record. During the call, it became apparent to the Court that an on-the-record, in-person hearing would be necessary to resolve the issues raised during the conference call. That hearing was conducted yesterday. The Court makes the following findings based on the evidence and testimony received during yesterday's hearing.

From around December 2017 to the present day, Federal Armament has used Icon Time Systems timeclocks to record the dates and times when its employees clock in and clock out. Prior to adopting the Icon system, Federal Armament used physical time cards to track their employees' work time. The Icon system has the ability to generate reports that provide an employee's total hours worked for arbitrarily specified date ranges. Federal Armament's payroll department

1

routinely generated such reports for workweeks in order to determine how much to pay employees. However, Federal Armament did not preserve copies of those weekly reports because the underlying data was preserved in the timeclocks. Federal Armament still has the capacity now to make the Icon system generate such weekly reports from the data that is still stored in the timeclocks. In order to do so, someone simply has to open a website, specify the date range for the workweek in question, and tell the timeclock to generate a report for that workweek. An example of such a weekly report was received in evidence during yesterday's hearing as Court Exhibit 1.

Instead of producing records to the DOL containing weekly totals for time worked by each employee during the relevant period, the Defendants produced reports containing employees' clock in and clock out dates and times but which did not contain daily or weekly totals of hours worked for any employees. Two pages of this production were received in evidence during yesterday's hearing as Court Exhibit 2. The Defendants' objection to producing reports containing weekly totals is not that it is impossible for such reports to be generated; rather, their objection is that doing so would be unduly burdensome, with each weekly report for each employee taking at least 2 minutes to generate.

The Court finds that to whatever extent producing weekly reports is burdensome for the Defendants, that burden is attributable to their failure to comply with their recordkeeping obligations under federal law. As discussed in the Court's June 28 opinion, federal regulations require the Defendants to maintain, for each covered employee, "payroll or other records containing . . . [h]ours worked each workday *and total hours worked each workweek*." *See* 29 C.F.R. § 516.2(a)(7) (emphasis added). If they had done so, then it should not be burdensome for them to produce those records now. Given the strong relevance of these records to the claims and

defenses in this case and the Defendants' obligation under federal law to maintain these records, the Court finds that requiring them to produce these materials is proportional to the needs of the case and that the benefit of their production outweighs any associated burden or expense. *See* Fed. R. Civ. P. 26(b)(1).

IT IS THEREFORE ORDERED that the Defendants shall produce to Plaintiff all documents showing the total hours worked each day and total hours worked each week for each workweek from the time when Federal Armament began using the Icon Time system to the present by each employee of Federal Armament, regardless of whether such employees are listed in Exhibit A to Plaintiff's complaint, in the form of the report depicted in Court Exhibit 1 to yesterday's hearing.

IT IS SO ORDERED this 29th day of July, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE