UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| MARTIN F. WALSH[1], SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL ARMAMENT, LLC and NEIL MEHTA, Individually and Jointly, <br><br> Defendants. | Civil Action No. 2:21-cv-02045 PKH |

## CONSENT JUDGMENT

Plaintiff has filed his complaint and Federal Armament, LLC, and Neil Mehta, who is separately alleged to qualify as an "employer" within the meaning of Section 4 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 203(d), and who is referred to herein for descriptive reference as a "statutory employer" of employees of Federal Armament, LLC[2] ("Defendants"), without admitting or denying that they have violated any provision of the Fair Labor Standards Act of 1938 or admitting or denying to any of the allegations in the Complaint, as amended, have agreed to the entry of judgment without contest. This settlement resolves all disputed claims. It is, therefore, upon motion of the Plaintiff and for cause shown,

ORDERED that Federal Armament, LLC and Neil Mehta, their officers, agents, servants, employees and all persons in active concert or participation with them be permanently enjoined from violating the provisions of Sections 7 & 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. Walsh, Secretary of Labor, is automatically substituted as a party for the former Acting Secretary of Labor, Milton Al Stewart.

[2] Federal Armament LLC is also a "statutory employer" within the meaning of the Fair Labor Standards Act.

1

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq., hereinafter referred to as the Act, in any of the following manners:

1. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve accurate records of the persons employed by Federal Armament, LLC and Neil Mehta, as statutory employer, and the wages paid, hours worked, and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Wage and Hour Division, United States Department of Labor (29 C.F.R. Part 516).

3. Defendants are enjoined from withholding overtime compensation and liquidated damages in the amount of $135,000.00, which is due to Defendants' employees named in Exhibit A of the Complaint for the period March 25, 2016, through March 24, 2019. The total amount includes back wages and liquidated damages. Defendants shall comply with this provision on or before December 1, 2022, by paying online through ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77705201, and referencing Case ID: 1875465 and Zip Code: 72904.

4. Plaintiff shall make appropriate distribution to the employees, or their estate if

necessary, less income tax and social security deductions. In the event that any of the money cannot be distributed and paid by Plaintiff within three (3) years because of inability to locate the proper persons or because of their refusal to accept, the money shall be deposited with the Treasurer of the United States. In the event of default by the Defendants, the total balance shall then become due and interest shall be assessed against the unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full. Any defaulted balance shall be subject to the assessment of collection fees, court costs, and administrative costs.

5. The right of Defendants' employees not specifically named in Exhibit A to bring an action under Section 16(b) of the Fair Labor Standards Act 29 U.S.C. § 216(b), shall be restored and neither the filing of this action nor the entry of this judgment shall bar an action and the statute of limitations in such action shall be governed by 29 U.S.C. §255(a). The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of the Secretary of Labor, or any employees of Defendants, in any action filed by the Secretary of Labor, or by an employee, under the Act covering violations alleged to have occurred after March 24, 2019.

6. Each party agrees to bear his or her own attorneys' fees, costs and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 10th day of November 2022.

_____
P.K. H[signature]
UNITED STATES DISTRICT JUDGE

For Defendants:

By: _____
    [signature]
SHIRAZ RIAZ, Comptroller, Federal Armament, LLC

_____
*Neil Mehta*
NEIL MEHTA, Individually

_____
[signature]
DOUGLAS M. CARSON
Counsel for Defendants
Daily & Woods PLLC
KMW Building
58th South Sixth Street
P.O. Box 1446
Fort Smith, Arkansas 72902
Email: dcarson@dailywoods.com

For Plaintiff:

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

KARLA JACKSON EDWARDS
Counsel Wage and Hour

By: _____
    [signature]
CARLTON C. JACKSON
Counsel for Plaintiff
U. S. Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Email: jackson.carlton@dol.gov

4